United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 05-41828
Conference Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSENDO TORRES-LUNA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-606
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Rosendo Torres-Luna (Torres) appeals his guilty-plea conviction and sentence for being an alien found unlawfully in the United States after deportation and following an aggravated felony conviction.  Torres argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional.  Torres also asserts that his appeal is not barred by the waiver-of-appeal provision in his plea agreement. The Government argues that the waiver bars the appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We assume, _arguendo_ only, that the waiver does not bar the instant appeal. Torres's constitutional challenge is foreclosed by _Almendarez-Torres v. United States_, 523 U.S. 224, 235 (1998). Although Torres contends that _Almendarez-Torres_ was incorrectly decided and that a majority of the Supreme Court would overrule _Almendarez-Torres_ in light of _Apprendi v. New Jersey_, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that _Almendarez-Torres_ remains binding. _See_ _United States v. Garza-Lopez_, 410 F.3d 268, 276 (5th Cir.), _cert. denied_, 126 S. Ct. 298 (2005). Torres properly concedes that his argument is foreclosed in light of _Almendarez-Torres_ and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.